Filed 04/15/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-03384

---

Anthony Fitzgerald v. Nicholas Deml

---

## DECISION ON THE MERITS

This is a Rule 74 appeal where the Appellant seeks review of the Department of Corrections ("DOC") decision to impose a two-year furlough interrupt. The court held a hearing on January 13, 2025. Appellant Anthony Fitzgerald was represented by Attorney Dawn Seibert and the Appellee was represented by Attorney Robert Menzel. No additional evidence was taken at the hearing. Post-hearing memoranda were submitted by the Appellant on March 17, 2025 and by the Appellee on April 10, 2025.

### Facts

The court makes the following findings of fact based upon a preponderance of the evidence. Appellant.

Appellant is serving a sentence for a variety of offenses, including lewd and lascivious conduct with a child, escape, failure to comply with the sex offender registry, and simple assault on a protected official. Agency Record 1. Appellant has a history of violating the terms of his furlough and has accrued three significant violations within a year of community supervision. *Id.* at 2. Appellant was placed on furlough on May 14, 2024. *Id.*

On June 19, 2024, Appellant left a message with his supervising officer asking to switch his appointment to the following day because he was working overtime. *Id.* Appellant agreed to meet the following day but failed to do so. *Id.* at 4. On June 24, 2024, officers went to Appellant's room at his stepfather's residence. *Id.* at 2, 4. Appellant's belongings had been moved out of the room. *Id.* Officers were unable to make contact with Appellant at his residence on June 26, 2024 or June 27, 2024. *Id.* On June 24, 2024, Appellant's stepfather informed officers that Appellant had not resided at the room for roughly a week. *Id.* DOC issued a Commissioner Warrant on July 1, 2024. *Id.* at 8.

Appellant was arrested on the warrant on July 25, 2024. *Id.* at 25. Upon arrest, Appellant was provided a Notice of Suspension Report informing Appellant he was charged with the following violations:

04. I will report to my supervising officer, or designee, as required.
05. I will allow my supervising officer, or designee, to visit me in my home or place of employment or elsewhere at any time, as necessary
22. I will continue to reside at an approved residence while on supervision
23. I will abide by any curfew imposed by my supervising officer, or designee. My curfew is:

The Notice scheduled a furlough violation hearing for July 31, 2024 at 4:30 p.m. *Id.* at 8. The Notice was comprised of four pages. *Id.* at 8-11. The Notice incorporated an Incident Report documenting the alleged facts of the violations. *Id.* at 10-11. The Incident Report indicated that the category of the incident was "Abscond." *Id.* at 10.

Appellant received a Notice of Hearing for his furlough violations and invoked his right to have a hearing. *Id.* at 7. Appellant attended the hearing with a Hearing Assistant and plead not guilty. *Id.* at 3. Appellant did not call any witnesses at the hearing, but did testify. *Id.* The hearing officer found Appellant guilty of condition 4 and special condition 22 and found the Appellant not guilty of condition 5 and special condition 23. *Id.* at 4.

The Department held a case staffing on August 14, 2024. *Id.* at 2. Although Appellant's supervising officer recommended a four-year interrupt, DOC determined a two-year interrupt was appropriate based upon being found guilty of the two violations and his high-risk score. *Id.* The factors DOC relied upon for the length of the interrupt was based upon "Fitzgerald's violation is absconding from community supervision furlough" and DOC policy 430.11. *Id.*

Appellant filed a timely notice of appeal.

### Standard of Review

"The appellant shall have the burden of proving by a preponderance of the evidence that the Department abused its discretion in imposing a furlough revocation or interruption for 90 days or longer pursuant to subsection (d) of this section." 28 V.S.A. § 724(c)(1). "Abuse of discretion occurs when that discretion is exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable." *In re Halnon,* 174 Vt. 514, 517 (2002) (mem.). The question of whether a due process violation occurred is reviewed de novo. *State v. Labrecque,* 2020 VT 81, ¶ 18.

### Analysis

It is an abuse of discretion for DOC to interrupt furlough for more than 90 days for a technical violation[1] unless one of three circumstances are met. 28 V.S.A. § 724(d). These circumstances are:

(1) The offender's risk to reoffend can no longer be adequately controlled in the community, and no other method to control noncompliance is suitable.
(2) The violation or pattern of violations indicate the offender poses a danger to others.
(3) The offender's violation is absconding from community supervision furlough.

*Id.* Here, DOC is relying upon subsection (3) under the theory Appellant absconded from June 19, 2024 through July 25, 2024.

Absconding is defined by statute as (A) "the offender has not met supervision requirements, cannot be located with reasonable efforts, and has not made contact with Department staff within three days if convicted of a listed crime as defined in 13 V.S.A. § 5301(7) or seven days if convicted of an unlisted crime;" or (B) "the offender flees from Department staff or law enforcement;" or (C) "the offender left the State without Department authorization." 28 V.S.A. § 722(1).

---

[1] Technical violation is defined as "a violation of conditions of furlough that does not constitute a new crime." 28 V.S.A. § 722(4).

Appellant argues his due process rights were violated because DOC "did not give Mr. Fitzgerald notice that he faced a violation for 'absconding.'" Appellant's Brief, p. 2. "Alleged due process violations are appealable under Rule 74." *Davey v. Baker,* 2021 VT 94, ¶ 19. Appellant is entitled to procedural due process when there exists a liberty interest interfered with by the State. *Wool v. Office of Professional Regulation,* 2020 VT 44, ¶ 20. Appellee does not dispute that Appellant has a constitutional right to procedural due process in a furlough revocation hearing. "Fundamentally, due process requires notice and an opportunity to be heard at a meaningful time in a meaningful manner." *In re Miller,* 2009 VT 112, ¶ 9. Assuming, without deciding, that Appellant was entitled to notice DOC considered Appellant's violations to be absconding, the Appellant had proper notice.

As noted by Appellant, the Notice of Supervision Report is the Department's charging document that provides offenders with notice of what furlough conditions they are accused of violating. "You shall not abscond" is not a specific condition of furlough because "absconding" is an action defined by statute. 28 V.S.A. § 722(1). However, Appellant had actual notice in the Notice of Supervision Report that DOC considered his violations constituted absconding. The Notice specifically incorporated an Incident Report that laid out the facts of the violations. The Incident Report categorized the incident as "Abscond." As such, Appellant had actual notice that DOC considered his violations to be absconding and there was no due process violation. Appellant does not otherwise argue DOC abused its discretion in revoking his furlough and imposing a two-year interrupt.

Conclusion

Appellant's due process rights were not violated. As such, the decision of DOC to revoke Appellant's furlough and impose a two-year interrupt is AFFIRMED.


Electronically signed on April 15, 2025 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*

Alexander N. Burke
Superior Court Judge